CLD-086                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3173
_____

STEVEN A. McGEE,
                                        Appellant

v.

WARDEN WILLIAM SCISM;
US ATTORNEY GENERAL
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-02463)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2012

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Steven A. McGee filed a petition pursuant to 28 U.S.C. § 2241 to challenge

allegedly retaliatory prison disciplinary proceedings.  He claimed that, in retaliation for

having filed administrative grievances and an earlier habeas petition, correctional officers

placed him in administrative segregation, and charged him with being unsanitary, which led to the loss of his telephone privileges for 30 days, and with possessing an unauthorized radio, which led to the loss of 13 days of good time credits. In the District Court, McGee also sought a preliminary injunction or temporary restraining order barring his transfer to another prison, any confiscation or destruction of his legal documents, and any retaliatory acts. The District Court denied his petition and his motion for injunctive relief. McGee appeals.

After McGee filed a notice of appeal, the Clerk of this Court sent him a letter with case opening information, including information about fees on appeal. McGee then filed letters relating to the assessment of filing and docketing fees in his case. On September 30, 2011, the Clerk issued an order construing his letters as motions to clarify what the Clerk told him about the relevant fees. Granting the motion, the Clerk explained that McGee either had to pay the fees or file an application to proceed *in forma pauperis* ("*ifp*") on appeal. In response to an argument raised by McGee, the Clerk explained that he was correct that the Prison Litigation Reform Act ("PLRA") does not apply to an appeal from the denial of a habeas petition (and further stated that if McGee qualified for *ifp* status, he would not have to pay the filing fee). McGee then filed a motion to proceed *ifp* on appeal, which was granted. McGee also filed a motion to "reconsider, vacate, or modify" the Clerk's order of September 30, 2011. In his motion, he states that the Clerk

2

erred in requiring him to file an *ifp* application because the PLRA does not apply to habeas actions.

McGee also presents a motion to stay this appeal so that he can seek review by certiorari in the United States Supreme Court of "issues and collateral matters at stake" in this case. He nonetheless also requests that we take summary action to vacate the District Court's judgment. In that motion, he claims that the District Court did not properly adjudicate his § 2241 petition[1] and violated the Suspension Clause because the District Court did not permit him to file a reply to the response to his petition. In argument that he has submitted in support of his appeal, McGee further elaborates on the arguments in his other filings, including his need for certiorari review related to what he describes as a systematic transfer of prisoners from the jurisdictions where they have filed habeas petitions. He also contends that the District Court intentionally misconstrued his retaliation claims, and erred in ruling that those claims could not be raised in his habeas petition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). We will affirm the

_____

[1] More specifically, he calls the District Court adjudication of his petition a "sham

3

District Court's denial of preliminary injunctive relief "unless the court abused its discretion, committed an obvious error of law, or made a serious mistake in considering the proof." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992) (citing Bradley v. Pittsburgh Bd. Of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See 3d. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

To the extent that McGee complained about the temporary loss of telephone privileges or the transfer to administrative segregation, his claims were not cognizable in habeas. Neither claim was a challenge to the fact or duration of imprisonment, which is the essential purpose of the writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 484, 498-99 (1973). Although a prisoner may also challenge the execution of his sentence pursuant to § 2241, see Coady v. Vaughn, 251 F.3d 480, 495 (3d Cir. 2001), the simple or garden variety transfer to administrative segregation and temporary loss of the use of a phone fall short of implicating how a sentence is being "executed." See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005).

McGee's challenge to the disciplinary proceeding that resulted in the loss of good time credits was cognizable, however. Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). In Wolff, the Supreme Court held that an

_____

proceeding."

4

inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In Hill, the Supreme Court further explained that to meet the minimum requirements of due process, the findings of the prison disciplinary board must also be supported by some evidence in the record. See id. The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

As the District Court explained with citations to the record, McGee received advance written notice of the disciplinary charge; he was provided with a staff representative; and he had the opportunity to present evidence. McGee, himself, provided a statement at his hearing. At the conclusion of his hearing, McGee was given a written statement of the evidence relied on and the reasons for the disciplinary action against him. In short, McGee received the procedural protections set forth in Wolff. Also, in light of McGee's own statement at the proceeding (as well as a photograph and a an incident report), the "some evidence" standard of Hill was satisfied.

5

McGee's retaliation claim, as it related to the loss of his good time credits, was also properly presented in his habeas petition, because it affects the duration of his sentence. See Queen v. Miner, 530 F.3d 253, 255 n.2 (3d Cir. 2008). However, the District Court did not err in denying this aspect of the petition. Assuming that McGee met his burden to show that his exercise of a constitutional right was a substantial or motivating factor for the correctional officers' action, there is evidence in the record (namely the record of the disciplinary proceeding) that shows that the officers would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002) (applying Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001)); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (holding that if a prison disciplinary committee's finding of a violation of prison rules is based on some evidence, that "finding essentially checkmates [a] retaliation claim").

Furthermore, to the extent that McGee's retaliation claim did not relate to the loss of his good time credits, [2] the District Court properly dismissed the claim because it could not be brought in habeas. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.")

---

[2] For example, he claimed that his transfer into administrative segregation was retaliatory.

In sum, the District Court properly denied McGee's habeas petition. In addition, the District Court did not abuse its discretion by denying McGee's motion for preliminary injunctive relief. McGee failed to demonstrate, among other relevant factors, a reasonable likelihood of success on the merits of his case. See Council of Alt. Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); see also Erie Telecomm. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on any basis supported by the record).

For these reasons, we will affirm the District Court's judgment. We also deny McGee's motion for summary action to vacate the District Court's judgment, motion for a stay, and motion to reconsider, vacate, or modify the Clerk's order of September 30, 2011. In reference to one of the arguments that McGee presents in his motion for summary action, we note that the District Court did accept a partial reply brief out of time when McGee asked for an extension of time to file a reply. Although McGee asserts that the Suspension Clause was violated because the District Court ruled before McGee had an opportunity to submit a fuller brief, we disagree. In no way was the proceeding inadequate or ineffective. See Swain v. Pressley, 430 U.S. 372, 381-82 (1977) (explaining that the Suspension Clause is violated only where the remedy of habeas corpus is rendered inadequate or ineffective). Also, in relation to the motion to reconsider, vacate, or modify the Clerk's order, we note that it is essentially as our Clerk already explained. The filing fee payment requirements of the PLRA do not apply in

7

habeas proceedings.  See Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996).

However, to be excused from paying the filing fee, a litigant must apply for, and be

granted, *ifp* status.  See 28 U.S.C. § 1915.